UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LARRY WAYNE WASHINGTON, <br> BOOKER T. WASHINGTON, SR. SUCCESSION <br> HELEN-JONES-WASHINGTON SUCCESSION | *CIVIL ACTION NO. 6:13-0612 |
| VS. | *JUDGE DOHERTY |
| GWENDOLYN RILEY, GLENDA FAYE <br> WASHINGTON-CHEREME, ET AL. | *MAGISTRATE JUDGE HILL |

**MEMORANDUM ORDER**

Before the Court are the following proposed pleadings and documents submitted by the *pro se* removing and joining defendant/heirs to the Clerk of Court for filing in the record of these proceedings: (1) a Proposed Amended Notice of Removal and Memorandum of Law in Support, to which the original Notice of Removal and Memorandum in Support and all attachments thereto are attached, unaccompanied by a Motion for Leave of Court to file the pleading; (2) a Proposed Adoption by the remaining heirs joining in the Amended Notice of Removal; (3) a letter to the Clerk of Court Requesting that this case be heard exclusively by the District Court Judge; (4) a Notice by the removing heirs, Gwendolyn Denise Riley and Glenda Faye Washington-Chereme, that they "Opt-Out of Assignment to a Magistrate Judge" in which they seek the entirety of their case be heard by the District Judge; (5) a Notice by the remaining heirs, that they "Opt-Out of Assignment to a Magistrate Judge" in which they seek the entirety of their case be heard by the District Judge; and (6) a letter to the Clerk complaining that their

Notices in which they purport to "Opt-Out of Assignment to a Magistrate Judge" were not filed in the record and accordingly are re-submitted for filing.

This case has recently been re-assigned to the undersigned because it is related to a prior action filed in this Court which was assigned to Judge Doherty and the undersigned.[1]

The record reflects that on March 25, 2013, alleged heirs of the late Booker T. Washington, Sr. and his late wife, Helen Jones Washington, filed a Notice of Removal in which they purport to remove an entire succession proceeding from the Thirteenth Judicial District Court for Evangeline Parish, Louisiana to this Court[2], asserting various grounds for the exercise of this Court's federal question jurisdiction, including under 42 U.S.C. §1983, based on allegations that the sale of estate property would be in violation of their Constitutional rights, as the basis for removal.[3]  [rec. doc. 1].  The remaining heirs adopted and joined in the removal.[4] [rec. doc. 7].

Prior to re-assignment, the *pro se* litigants' filed a Motion for Leave to file their Notice or Removal and Memorandum of Law in Support of Removal which exceeded this

---

[1] The prior action bears the same caption and was assigned this Court's docket number 6:12-cv-0082.

[2] The action is entitled "Succession of Booker T. Washington, Sr. and Helen Jones Washington", bearing docket number 11170-B.

[3] The Notice of Removal is one hundred sixty-seven pages in length, citing various statutes, constitutional provisions and jurisprudence, all of which center on the alleged unconstitutionality of the sale of succession property authorized by the Louisiana state courts.

[4] These alleged heirs include Willie Washington-Williams, Geraldine Washington-Williams, Reddex Washington, Nathaniel Riley, Jr., Sharon Lynn Washington-Lewis, Samuel Washington and Patricia Washington-Thomas.

Court's twenty-five page limitation for briefs. [rec. doc. 6]. In denying that Motion, Judge Hanna limited his Ruling as follows: "If additional briefing is needed the Court will order it." [rec. doc. 8].

Initially, the undersigned notes that a Motion for Leave is not necessary to file a Notice of Removal which exceeds twenty-five pages, as this Court's Local Rule 7.8 is applicable only to "briefs". Accordingly, Judge Hanna's Order did not strike the plaintiffs' original Notice of Removal, and that pleading, in its entirety, remains filed in the record. [*See* rec. doc. 1]. Rather, Judge Hanna merely denied any request by the plaintiffs to provide this Court with any additional briefing on the issue of removal.

The plaintiffs apparently did not understand Judge Hanna's Ruling on their unnecessary Motion. Accordingly, they have now submitted for filing the above proposed pleadings and documents which they apparently intend to cure their construction of that Ruling.

Given the Court's construction of Judge Hanna's previous Order [rec. doc. 8], the plaintiffs' Amended Notice of Removal and Memorandum of Law in Support, to which the original Notice of Removal and Memorandum in Support and all attachments thereto are attached, and Adoption by the remaining heirs joining in the Amended Notice of Removal are not necessary to these proceedings. The original pleadings remain filed and effective. [*See* rec. docs. 1 and 7]. Nevertheless, the Clerk will be instructed to file these proposed and unnecessary pleadings into the record of these proceedings so as to make the record complete.

The remaining documents, to wit, the letter to the Clerk of Court Requesting that this case be heard exclusively by the District Judge, the Notice by the removing heirs, Gwendolyn Denise Riley and Glenda Faye Washington-Chereme, that they "Opt-Out of Assignment to a Magistrate Judge" in which they seek the entirety of their case be heard by the District Judge, the Notice by the remaining heirs[5] that they "Opt-Out of Assignment to a Magistrate Judge" in which they seek the entirety of their case be heard by the District Judge, and  letter to the Clerk complaining that these Notices were not filed in the record, require brief discussion.

It appears that the heirs believe that they can "opt-out" of having a Magistrate Judge rule on motions in this lawsuit, thereby prohibiting the District Judge from referring any pre-trial motions or matters to the Magistrate Judge.  This belief is legally incorrect.

Magistrate Judges are statutorily authorized to determine motions and matters delegated to them by a District Judge.  28 U.S.C. § 636(b)(1).  This statutory authorization does not run afoul of the protections of Article III of the Constitution because the District Judge is "waiting in the wings" and able to correct errors of the Magistrate Judge and rule on the issues presented in the motions if necessary.  This is the case because the District Judge retains complete supervisory control over the motions and matters referred to the Magistrate Judge and, accordingly, the District Judge may freely reconsider, reject, set aside or modify the magistrate's ruling or recommendation. *See* 28

---

[5]*See* fn. 4, *supra*.

U.S.C. § 636(b)(1)(A) and (B); Rule 72(a) and (b), FRCP (setting forth the correct standard of review by the District Court, depending on whether the Ruling is dispositive or non-dispositive); *United States v. Dees*, 125 F.3d 261, 267-268 (5th Cir. 1997) (noting that generally the district court's ability to review a magistrate judge's actions saves delegations from Article III problems); *Nixon v. GMAC Mortgage Corp.,* 408 Fed.Appx. 833, 833 (5th Cir. 2011) *citing Dees,* 125 F.3d at 265 (holding that the magistrate judge's rulings on pretrial non-dispositive motions and dispositive motions by the issuance of findings of fact and a recommendation in accord with 28 U.S.C. § 636(b)(1)(A) & (B) did not violate Article III of the Constitution because the district court retained the authority to review and reject the magistrate's rulings, and that the consent of the plaintiff was not required for the magistrate to so act); *Peretz v. United States*, 501 U.S. 923, 937-938, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991) ( Even if a "controversial matter might be delegated to a magistrate," so long as the district judge is "waiting in the wings", who has the power to review the magistrate judge's actions, there is no "threat to the judicial power or the independence of judicial decisionmaking that underlies Article III."); *United States v. Raddatz*, 447 U.S. 667, 681-82, 100 S.Ct. 2406, 2415-16, 65 L.Ed.2d 424 (1980) (stressing the importance of review by the district court and accordingly, noting that the magistrate's power to rule on a pre-trial motion does not violate Article III "so long as the ultimate decision is made by the district court").[6]

---

[6]The Fifth Circuit explained Congress' rationale in allowing non-consensual reference of pre-trial matters and motions to a magistrate judge, as opposed to consensual references for trial and the entry of final judgment by a magistrate judge as follows:

It appears that the heirs' misconception is based on the remand of their prior action to the 13th Judicial District Court. As is customary in this Court, the undersigned issued an order remanding this case to the State Court.[7] In so doing, the undersigned stayed the

---

> Congress relied on a simple notion to protect 636(b) nonconsensual references from constitutional infirmity. It provided that the ultimate decision maker after such a reference would remain the district judge. Thus, a magistrate's decision on a nondispositive "pretrial matter" was reviewable by the district court for mistake of law or clear error of fact, 28 U.S.C. § 636(b)(1)(A), and a magistrate's decision on dispositive matters . . . was to be expressed only in the form of findings and a recommendation, *id*. § 636(b)(1)(B), which the district judge was empowered to "accept, reject, or modify, in whole or in part . . . . " *Id.* § 636(b)(1). The district judge, in short, retained substantial control over the ultimate disposition of matters referred to a magistrate under 636(b) without the parties' consent. *See United States v. Raddatz*, 447 U.S. 667, 673-77, 681-84, 100 S.Ct. 2406, 2411-13, 2415-16, 65 L.Ed.2d 424 (1980) (requirement that district judge remain ultimate decisionmaker was central in Congress' effort to draft 636(b) without Article III infirmity).
>
> In contrast, Congress relied on an entirely different notion several years later when it authorized reference of civil actions to magistrates for trial. Section 636(c) was added to the statute in 1979 to create a mechanism by which district courts might refer cases to magistrates for full trial and entry of final judgment, but only upon consent of the parties. The parties' consent to such a reference is crucial to its validity under 636(c).

*Ford v. Estelle*, 740 F.2d 374, 380 (5th Cir. 1984).

[7]Magistrate Judges sitting in courts within the Fifth Circuit, including Magistrate Judges of the Louisiana Western District Court, routinely directly rule on matters involving the remand of cases to the State Courts. These courts have generally found that a ruling on remand is a non-dispositive pre-trial matter and, accordingly, District Court Judges review such rulings under the clearly erroneous/contrary to law standard of review set forth in 28 U.S.C. § 636(b)(1)(A) and Rule 72(a), FRCP. *See Robinson v. Cheetah Transportation,* 2007 WL 28257, at *1 (W.D. La. 2007) *citing Lonkowski v. R.J. Reynolds Tobacco Co.*, 1996 WL 888182, at *2-4 (W.D. La. 1996) and *Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Prod., Inc*., 844 F.Supp. 1156, 1162-1163 (S.D. Tex. 1994); *Saxon v. Thomas*, 2007 WL 1974914, at *2 (W.D. La. 2007); *Bourne v. Eli Lilly & Co.*, 2006 WL 273614, at *1 (W.D. La. 2006); Audrisch v. Ethicon, Inc., 2002 WL 32151733, at *1 (W.D. La. 2002); *City of Jackson v. Lakeland Lounge*, 147 F.R.D. 122, 124-125 (S.D. Miss. 1993); *Shareholders of R.E. Heidt Const. Co., Inc. v. Price*, 2011 WL 1841251, *2-3 (W.D. La. 2011); *Escuadra v. Geovera Specialty Ins. Co.*, 739 F.Supp.2d 967, 972-973 (E.D. Tex. 2010); *Scott v. UNUM Life Ins. Co.,* 2010 WL 114404, at *1 (W.D. La. 2010); *Davidson v. Georgia Pacific LLC*, 2013 WL 1768015, at *1 (W.D. La. 2013); *Spillers v. Chevron USA Inc.,* 2013 WL 869387 at *3 (W.D. La. 2013); *Turpin v. Cooper Tire & Rubber Co.*, 2012 WL 6705816, at *2-3 (W.D. La. 2012); *Jenkins v. Wal-Mart Stores, Inc*., 2012 WL 3579883, at *1 (W.D. La. 2012); *U.S. Nat. Bank Ass'n v. Franklin*, 2011 WL 5827248, at *1 (W.D. La. 2011); *Daffern v. State Auto Property & Cas. Ins. Co.*, 2011 WL 1085664, at *1 (W.D. La. 2011); *Myers v. Allstate Texas Lloyd's*, 2011 WL 846083, at *1 (E.D. Tex. 2011); *Fogleman v. Meaux Surface Protection, Inc*., 2008 WL

effective date of the Remand Order to allow the heirs to appeal to the District Judge.[8] [6:12-cv-0082, rec. docs. 22 and 23]. Rather than appealing the undersigned's Order to the District Judge of this Court as permitted in the Order of Remand and as required by law, two days after issuance of the Remand Order, the heirs filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit. [*Id.* at rec. doc. 25].

Because the heirs did not take an appeal to the District Judge and had not consented to the exercise of this Court's jurisdiction by the undersigned, the Fifth Circuit dismissed the appeal for lack of jurisdiction on November 6, 2012. [*Id.* at rec. doc. 37]. The Fifth Circuit explained that unless the parties have consented to have the magistrate judge preside over the case and enter a final judgment, it does not have authority to

---

4001861, at *1 (W.D. La. 2008); *Akshar 6, L.L.C. v. Travelers Cas. & Sur. Co. of America,* 2010 WL 3025018, at *2 (W.D. La. 2010); *Kelly v. Dolgencorp, LLC,* 2010 WL 4484359, at *1 (W.D. La. 2010); *Cooper v. Sentry Select Ins. Co.,* 2008 WL 4610235, at *1 (W.D. La. 2008). *See also In re 1994 Exxon Chem. Fire,* 558 F.3d 378, 382–83 (5th Cir. 2009) (affirming an order of remand by a magistrate judge without noting any objection to the magistrate judge's actions). Moreover, when the Fifth Circuit dismissed the heirs' appeal of the undersigned's Remand Order in the related case, it cited § 636(b)(1)(A), the section of the statute applicable to non-dispositive rulings, in support of its action.

[8]The Order of Remand stated, in pertinent part:

> This Order shall by **STAYED** for fourteen days from the date of issuance. Any appeal to the District Judge must be filed within fourteen days from the date of this Order. If an appeal is taken to the District Judge, the Order shall remain stayed until the appeal is decided. If no timely appeal is filed, the Clerk shall remand the action forthwith.

6:12-cv-0082, rec. doc. 22 (emphasis in original).

Likewise the Reasons for Remand indicate that the remand to State Court was subject to the stay in the accompanying Order. [*Id.* at rec. doc. 23].

directly review orders of the magistrate judge.⁹ Rather, review of a magistrate judge's ruling is properly sought only by appeal to the district judge. [*Id.*].

That process is set forth in the Federal Magistrates Act codified at 28 U.S.C. §636(b)(1), Rule 72 of the Federal Rules of Civil Procedure and Local Rule 74.1(A) and (B) of the Local Rules of the United States District Court for the Western District of Louisiana. Further, It is well established law that failure to appeal an adverse ruling of a magistrate judge to the district court will preclude review of the ruling by the appellate court. *See Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 379 (5th Cir. 1989) *citing Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1137 (5th Cir. 1987) *citing United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980). In sum, the ruling of the magistrate judge must first be appealed to the district court before the appellate court may review the ruling. *See Id.*

Despite guidance from the undersigned, as well as from the Fifth Circuit, on the proper procedure for obtaining review of the undersigned's remand Order, the heirs never lodged an appeal with the District Judge of this Court and, accordingly, on January 9, 2013, their action was remanded to the 13th Judicial District Court.¹⁰ [*Id.* at rec. doc. 41].

The remand occurred not because this Court, or more specifically the undersigned, acted without proper authority, but rather because the heirs failed to present their appeal of the Remand Order to the District Judge who was presiding over the matter.

---

⁹On April 15, 2013, the United States Supreme Court denied the heirs petition for a writ of certiorari. [*Id.* at rec. doc. 46, *Riley v. Washington*, No. 12-8701, - - S.Ct. –, 2013 WL 529671 (4-16-13).

¹⁰Instead, the heirs sought review of the Fifth Circuit's ruling in the United States Supreme Court, which recently denied review. *See* fn. 8, *supra*.

In this action, as in the prior action, District Judge Doherty is presiding over the entire action. The undersigned, under Judge Doherty's supervision, will exercise the statutory authority granted by Congress in the Magistrate Judge's Act to act on all pre-trial motions and matters delegated by Judge Doherty or the standing orders of this Court to the undersigned. The heirs may not "opt-out" of this constitutional and statutorily authorized procedure.

For these reasons, the remaining documents submitted for filing by the heirs are meaningless and not needed by this Court for disposition of this proceeding. Nevertheless, the Clerk will be instructed to file these documents in the record of these proceedings for completeness.

Accordingly, for the sake of completeness of the record, **the Clerk shall** file all of the pleadings and documents submitted by the heirs in the record as denominated above.

Signed this 3rd day of May, 2013, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE