UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LARRY WAYNE WASHINGTON, BOOKER T. WASHINGTON, SR. SUCCESSION HELEN-JONES-WASHINGTON SUCCESSION | *CIVIL ACTION NO. 6:13-0612 |
| VS. | *JUDGE DOHERTY |
| GWENDOLYN RILEY, GLENDA FAYE WASHINGTON-CHEREME, ET AL. | *MAGISTRATE JUDGE HILL |

### REASONS FOR REMAND

The record reveals that this is the second time that the heirs of Booker T. Washington, Sr. and his wife, Helen Jones Washington, collectively, "the removing heirs", have removed this succession proceeding from the Thirteenth Judicial District Court for Evangeline Parish, Louisiana.[1]

The procedural history of this Louisiana succession proceeding was set forth in this Court's Reasons for Remand issued on June 18, 2012.  See 6:12-0082, rec. doc. 23; *Washington v. Riley,* 2012 WL 2339116 (W.D. La. 6/18/2012). The Court will not restate the procedural history herein.

---

[1] The removing heirs include Gwendolyn Riley, Glenda Faye Washington-Chereme, Willie Washington-Williams, Geraldine Washington-Williams, Reddex Washington, Nathaniel Riley, Jr., Sharon Lynn Washington-Lewis, Samuel Washington and Patricia Washington-Thomas.
  The Succession proceeding in the Thirteenth Judicial District Court for Evangeline Parish, Louisiana is entitled "Succession of Booker T. Washington, Sr. and Helen Jones Washington", and bears docket number 11170–B. On October 21, 2008, Louisiana citizen, Larry W. Washington ("Washington"), son of the decedents, petitioned to be appointed administrator of the estates of his parents, Booker T. Washington, Sr. and Helen Jones Washington. [*See* 6:12-0082, rec. doc. 6, pgs. 6-19].  Washington was appointed administrator by Order dated October 22, 2008. [*Id*. at pg. 20].

The following has transpired since this Court's prior remand ruling. As is customary in this Court, the undersigned Magistrate Judge issued an order on June 18, 2012 remanding this case to the State Court.[2] In so doing, the undersigned stayed the effective date of the Remand Order to allow the removing heirs to appeal to the District Judge.[3] [6:12-cv-0082, rec. docs. 22 and 23]. Rather than appealing the undersigned

---

[2]Magistrate Judges sitting in courts within the Fifth Circuit, including Magistrate Judges of the Louisiana Western District Court, routinely directly rule on matters involving the remand of cases to the State Courts. These courts have generally found that a ruling on remand is a non-dispositive pre-trial matter and, accordingly, District Court Judges review such rulings under the clearly erroneous/contrary to law standard of review set forth in 28 U.S.C. § 636(b)(1)(A) and Rule 72(a), FRCP. *See Robinson v. Cheetah Transportation,* 2007 WL 28257, at *1 (W.D. La. 2007) *citing Lonkowski v. R.J. Reynolds Tobacco Co.*, 1996 WL 888182, at *2-4 (W.D. La. 1996) and *Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Prod., Inc*., 844 F.Supp. 1156, 1162-1163 (S.D. Tex. 1994); *Saxon v. Thomas*, 2007 WL 1974914, at *2 (W.D. La. 2007); *Bourne v. Eli Lilly & Co.*, 2006 WL 273614, at *1 (W.D. La. 2006); *Audrisch v. Ethicon, Inc.*, 2002 WL 32151733, at *1 (W.D. La. 2002); *City of Jackson v. Lakeland Lounge*, 147 F.R.D. 122, 124-125 (S.D. Miss. 1993); *Shareholders of R.E. Heidt Const. Co., Inc. v. Price*, 2011 WL 1841251, *2-3 (W.D. La. 2011); *Escuadra v. Geovera Specialty Ins. Co.*, 739 F.Supp.2d 967, 972-973 (E.D. Tex. 2010); *Scott v. UNUM Life Ins. Co.,* 2010 WL 114404, at *1 (W.D. La. 2010); *Davidson v. Georgia Pacific LLC*, 2013 WL 1768015, at *1 (W.D. La. 2013); *Spillers v. Chevron USA Inc.,* 2013 WL 869387 at *3 (W.D. La. 2013); *Turpin v. Cooper Tire & Rubber Co.*, 2012 WL 6705816, at *2-3 (W.D. La. 2012); *Jenkins v. Wal-Mart Stores, Inc*., 2012 WL 3579883, at *1 (W.D. La. 2012); *U.S. Nat. Bank Ass'n v. Franklin*, 2011 WL 5827248, at *1 (W.D. La. 2011); *Daffern v. State Auto Property & Cas. Ins. Co.*, 2011 WL 1085664, at *1 (W.D. La. 2011); *Myers v. Allstate Texas Lloyd's*, 2011 WL 846083, at *1 (E.D. Tex. 2011); *Fogleman v. Meaux Surface Protection, Inc*., 2008 WL 4001861, at *1 (W.D. La. 2008); *Akshar 6, L.L.C. v. Travelers Cas. & Sur. Co. of America,* 2010 WL 3025018, at *2 (W.D. La. 2010); *Kelly v. Dolgencorp, LLC,* 2010 WL 4484359, at *1 (W.D. La. 2010); *Cooper v. Sentry Select Ins. Co.,* 2008 WL 4610235, at *1 (W.D. La. 2008). *See also In re 1994 Exxon Chem. Fire,* 558 F.3d 378, 382–83 (5th Cir. 2009) (affirming an order of remand by a magistrate judge without noting any objection to the magistrate judge's actions). Moreover, when the Fifth Circuit dismissed the heirs' appeal of the undersigned's Remand Order in the related case, it cited § 636(b)(1)(A), the section of the statute applicable to non-dispositive rulings, in support of its action.

[3]The Order of Remand stated, in pertinent part:

> This Order shall by **STAYED** for fourteen days from the date of issuance. Any appeal to the District Judge must be filed within fourteen days from the date of this Order. If an appeal is taken to the District Judge, the Order shall remain stayed until the appeal is decided. If no timely appeal is filed, the Clerk shall remand the action forthwith.

6:12-cv-0082, rec. doc. 22 (emphasis in original).

Magistrate Judge's Order to the District Judge of this Court as instructed in the Order of Remand and as required by law, two days after issuance of the Remand Order, the removing heirs filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit. [*Id.* at rec. doc. 25].

Because the removing heirs did not take an appeal to the District Judge and had not consented to the exercise of this Court's jurisdiction by the undersigned Magistrate Judge to preside over the case and enter a final judgment in their action, on November 6, 2012, the Fifth Circuit dismissed the appeal for lack of jurisdiction. [*Id.* at rec. doc. 37, *Washington v. Riley*, No. 12-30673 (5th Cir. 2012)].  The Fifth Circuit explained that unless the parties have consented to have the magistrate judge preside over the case and enter a final judgment, it does not have authority to directly review orders of the magistrate judge.  Rather, review of a magistrate judge's ruling is properly sought only by appeal to the district court. [*Id.*].  The removing heirs request for reconsideration and rehearing *en banc* was denied on February 14, 2013. [rec. doc. 1-6, pg. 315-318, *Washington v. Riley*, No. 12-30673 (5th Cir. 2013)].

Undeterred, the removing heirs sought writs of *certiorari* in the United States Supreme Court. The United States Supreme Court denied the heirs' petition for a writ of *certiorari* on April 15, 2013. [*Id.* at rec. doc. 46, *Riley v. Washington*, No. 12-8701, – S.Ct. –, 2013 WL 529671 (4-16-13)].

---

Likewise the Reasons for Remand indicate that the remand to State Court was subject to the stay in the accompanying Order. [*Id.* at rec. doc. 23].

Despite guidance from the undersigned Magistrate Judge, as well as the Fifth Circuit, on the proper procedure for obtaining review of the undersigned's remand Order, the removing heirs never lodged an appeal with the District Judge of this Court and, accordingly, on January 9, 2013, the succession action was remanded to the 13th Judicial District Court. [6:12-cv-0082, at rec. doc. 41].

After this Louisiana succession proceeding was remanded, succession administrator Larry Wayne Washington moved for a Final Accounting & Approval of Proposed Tableau of Distribution.[4] [rec. doc. 1, pg. 17; rec. doc. 1-6, pg. 202-212]. This filing allegedly "provoked the second removal." [rec. doc. 1, pg. 17].

This second Notice of Removal was filed on March 25, 2013 and, with exhibits, is one hundred sixty-seven pages in length, in which the removing heirs cite various statutes, constitutional provisions and jurisprudence, all of which center on the alleged unconstitutionality of the sale of succession property authorized by the Louisiana state courts. [rec. doc. 1]. Thus, as was the case with the prior removal, the removing heirs again purport to remove this entire succession action from the Thirteenth Judicial District Court for Evangeline Parish, Louisiana to this Court, asserting various grounds for the exercise of this Court's federal question jurisdiction, based on allegations that the sale of

---

[4] After this Louisiana succession proceeding was remanded, the removing heirs also filed two Motions to Stay based on their requests for further review of this Court's remand in both the Fifth Circuit Court of Appeal and the United States Supreme Court. [rec. doc. 1-6, pg. 220-233 and 111-126]. Both Motions were apparently not acted on by the Louisiana state court and, given that review has been denied by both the Fifth Circuit and the United States Supreme Court, the Motions are clearly moot.

estate property would be in violation of their Constitutional rights, as the basis for removal. [rec. doc. 1].

As previously held by this Court, complete diversity is lacking. The Estate of Booker T. Washington, Sr. and Helen Jones Washington is the subject of a Louisiana succession proceeding of which Louisiana citizen, Larry Wayne Washington, is administrator. Four of the complaining heirs, Reddex Washington, Sharon Washington-Lewis, Samuel Washington and Patricia Washington-Thomas, are likewise citizens of Louisiana. *See Washington v. Riley*, 2012 WL 2339116, at *2 *citing* 28 U.S.C. § 1441(b), *Caterpillar Inc. v. Lewis*, 117 S.Ct. 467, 469, 473 (1996) and *Exxon v. Allapattah*, 125 S.Ct. 2611, 2617 (2005).

As previously held, federal question jurisdiction is likewise lacking. The removing heirs again attempt to assert federal question jurisdiction, not on the basis of the administrator's pleadings in Louisiana state court as required by the well-pleaded complaint rule but, rather, they again attempt to manufacture federal jurisdiction over the entire succession proceeding based on their allegations in the Notice of Removal, none of which have been asserted, nor could have been asserted, by the Administrator in the underlying succession proceeding. *See Washington v. Riley*, 2012 WL 2339116, at *3 citing Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) *citting Caterpillar, Inc. v.. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987), *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct.

42, 53 L.Ed. 126 (1908) and *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

Furthermore, as this Court previously held, this Court is without jurisdiction to administer the entire succession proceeding, or take control over, or dispose of, the succession property. The United States Supreme Court has held that "a federal court has no jurisdiction to probate a will or administer an estate", nor can a federal court "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in custody of the state court . . . ." *See Washington v. Riley*, 2012 WL 2339116, at *3 *quoting Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 298 (1946). That is exactly what the removing heirs seek to do in this federal court.

Finally, as this Court previously held, because the removing heirs seek to challenge and overturn the state probate court's final judgment allowing the sale of the succession property, this Court lacks jurisdiction under the *Rooker-Feldman* doctrine to undertake the requested review. *See Washington v. Riley*, 2012 WL 2339116, at *3 *citing Pease v. First National Bank*, 335 Fed. Appx. 412, 415 (5th Cir. 2009)[5] *citing D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994) and *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22,

---

[5] In *Pease*, the Fifth Circuit affirmed, on *Rooker-Feldman* grounds, dismissal a § 1983 action challenging a state court's disposition in a foreclosure proceeding, wherein the plaintiff alleged that the state court action was in violation of his Fourth and Fourteenth Amendment Constitutional rights.

161 L.Ed.2d 454 (2005) (reaffirming that a federal court has no jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

While the removing heirs argue that the instant second notice of removal may be filed because there is a "new and different basis for removal"[6], that argument is specious. Title 28 U.S.C. § 1446(b) allows a defendant to remove a previously remanded case where subsequent pleadings or events reveal a new and different basis for removal. *See, e.g.*, *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996); *O'Bryan v. Chandler*, 496 F.2d 403, 410 (10th Cir. 1974); *One Sylvan Road North Assocs. v. Lark Int'l, Ltd.*, 889 F.Supp. 60, 62 (D. Conn. 1995). The section is designed to allow a defendant to remove a state action when it was not originally removable as stated by plaintiff's initial complaint, but has become removable due to the filing in state court of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3).

However, as a general rule, once a case is remanded to state court, a defendant is precluded from seeking a second removal on the same ground. *Id. citing St. Paul & C. Ry. Co. v. McLean,* 108 U.S. 212, 216–17, 2 S.Ct. 498, 500, 27 L.Ed. 703 (1883) and *In re La Providencia Dev't Corp.*, 406 F.2d 251, 252 (1st Cir. 1969). "The prohibition against

---

[6] *See* rec. doc. 1, pg. 9.

removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (that is, federal question or diversity jurisdiction), but rather the pleading or event that made the case removable." *Id. citing O'Bryan*, 496 F.2d at 410 and *One Sylvan Road North Assocs.*, 889 F.Supp. at 62-63. Thus, a second removal is permitted when a new pleading or event provides a new factual basis for removal. *Id*. at 493-494.

Here, although the removing heirs attempt to base their latest removal on a subsequent event, presumably under 28 U.S.C. § 1446(b)(3), the filing by the administrator, Larry Wayne Washington, of a Motion for Final Accounting & Approval of Proposed Tableau of Distribution, that pleading did not present a different set of facts establishing a new ground for removal.

More specifically, the filing of the administrator's Motion for Final Accounting & Approval of Proposed Tableau of Distribution does not provide a new basis in law or fact upon which to establish jurisdiction. Furthermore, there has not been a substantial change in the factual or legal nature of the instant case since it was last in this Court. To the contrary, this case is the same Louisiana succession proceeding, which for the reasons previously cited by this Court, is simply not removable. As such, § 1446(b)(3) is simply inapplicable because there is no new factual or legal basis for removal in this case. This case is not removable and has not "become removable" as a result of pleadings or events which transpired since the Court's prior remand.

Furthermore, the second paragraph of section 1446(b) must be read in harmony with 28 U.S.C. § 1447(d), which provides that a remand order "is not reviewable on

appeal or otherwise." Section 1447(d) "not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order." *Harris v. Blue Cross/Blue Shield of Ala., Inc.*, 951 F.2d 325, 330 (11th Cir. 1992). Thus, while a defendant may re-remove a case pursuant to section 1446(b), where, for example, the plaintiff amends her complaint after remand to add facts presenting a new ground for removal, the defendant may not circumvent section 1447(d)'s prohibition on reconsideration by filing a second notice of removal which simply provides further argument implying that the previous remand order was incorrect. The second removal of this case does exactly that – it is nothing more than a creative attempt to have this Court reconsider its prior remand order. This the Court cannot do. *See Nicholson v. National Accounts, Inc.*, 106 F.Supp.2d 1269, 1271-1272 *citing Tipp v. AmSouth Bank*, 89 F.Supp.2d 1304, 1307 (S.D. Ala.2000) ("Having . . . remand[ed] this case pursuant to section 1447(c), the court is rendered powerless by section 1447(d) to reconsider that order and determine whether its decision to remand was in fact correct."); *One Sylvan*, 889 F.Supp. at 64 (recognizing that to exercise jurisdiction on a second removal without a material change in the pleadings would amount to "de facto appellate review" and "destroy the finality of an order to remand and the Congressional policy of not permitting interruption of the litigation of the merits of a removed case by prolonged litigation of jurisdictional questions.").

In sum, there is no new or different factual basis for removal of this case. Since the last remand of this action, no new pleading or event changed the facts regarding the removableness of the case. The removing heirs continue to challenge the sale of the

succession property based on the same exact facts which were presented in the prior removal petition, which sale has been approved by the Louisiana state courts after providing the removal heirs ample opportunity to present their case in the district court and on appeal.  As such, this case remains unremovable.

Finally, it is clear that the instant second notice of removal is untimely.  Under 28 U.S.C. § 1446(b)(3), when an action is not initially removable, the defendant has 30 days after it receives a copy of "other paper from which it may first be ascertained" that the case is or has become removable.  *S.W.S. Erectors, Inc.*, 72 F.3d at 494.  The Fifth Circuit has indicated that the "other paper" conversion requires a voluntary act by the plaintiff.  *Id. citing Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961) (noting that an initially non-removable case "cannot be converted into a removable one by evidence of the defendant or by an order of the court").  Further, the Fifth Circuit has held that the defendant's subjective knowledge cannot convert a case into a removable action.  *Id. citing Chapman*, 969 F.2d at 163.

In this case, since the prior remand, there has been no voluntary act of succession administrator Larry Wayne Washington which has transformed this non-removable Louisiana state succession proceeding into a removable action.  To the contrary, the removing heirs are again attempting to manufacture a federal basis for jurisdiction thereby converting this non-removable action into a removable one by "artful pleadings" created entirely by them.  Under section 1446(b), these pleadings do not re-start the accrual of the 30–day period for removing.  *See Id.*

For the reasons set forth in the Court's prior Remand Ruling (6:12-0082, rec. doc. 23; *Washington v. Riley,* 2012 WL 2339116 (W.D. La. 6/18/2012)) and for those additional reasons set forth above, this succession proceeding will again be remanded to the state court, subject to the stay set forth in the accompanying order.

Signed this 11th day of March, 2014 at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE